IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:20CR186** |
| v. | **MEMORANDUM AND ORDER** |
| TAYLOR GRANT, | |
| Defendant. | |

On March 31, 2021, a jury found defendant Taylor Grant ("Grant") guilty of one count of assault resulting in serious bodily injury ("Count I") and one count of assault resulting in substantial bodily injury to an intimate partner or dating partner ("Count II") as charged in the Indictment (Filing No. 14) in this case. On the government's motion, the Court vacated the conviction on Count II to address the multiplicity of the charges against Grant.

On June 25, 2021, the Court sentenced Grant to 108 months in prison and 3 years of supervised release on Count I. Grant unsuccessfully appealed his conviction and sentence. *See United States v. Grant*, No. 21-2423, 2022 WL 1021768, at *1 (8th Cir. Apr. 6, 2022) (unpublished per curiam).

Now before the Court is a one-page letter from Grant asking "how to file for ineffective assistance of counsel." Grant states he does not believe his appointed counsel's actions were in his best interest. More specifically, he states his counsel failed to (1) call important witnesses, (2) provide other credible evidence to show his innocence, (3) prove his victim is mentally unstable, and (4) sufficiently challenge a five-year sentencing enhancement.

In light of Grant's allegations of ineffective assistance of counsel, the Court construes Grant's letter as a motion to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) ("Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a) '*is a motion under* § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004))). Of course, that preliminary decision does not mean Grant has raised any valid grounds for relief or that his motion is procedurally sound; it only means the Court will treat the letter as a § 2255 motion unless and until Grant says otherwise.

But before deciding the motion, the Court must warn Grant "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *Id.* (citing *Castro v. United States*, 540 U.S. 375, 382-83 (2003)). In *Carrillo-Castelloon*, then Chief Judge John Gerrard adroitly set forth the proper procedure to follow in these circumstances. *See id.*

To start, the Court must warn Grant that federal law substantially limits the filing of a "second or successive" § 2255 motion.[1] Therefore, Grant must ensure that he includes all "his claims for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. If Grant wants to add to the allegations in his letter or "has additional grounds for relief" to assert, "he should consider withdrawing his current motion, or seeking leave to amend it." *Id.* Failing to do so risks forever forfeiting those arguments or claims for relief.

---

[1]Section 2255(h) requires that an Eighth Circuit panel certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contain either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court also must warn Grant that § 2255 motions are generally subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f) (explaining when the limitation period begins to run). Grant must make sure any motion he files under § 2255 is timely or it may be barred.

With those warnings in mind, the Court will allow Grant to amend or withdraw his present motion. That leaves him three basic options.

First, he can *withdraw* his current motion by notifying the Court in writing on or before June 10, 2022. If he withdraws his motion, he may assert a new § 2255 motion, but he would generally have to do so within the applicable one-year limitation period discussed above. *See id.* § 2255(f). If Grant decides to file a new § 2255 motion, he should use the appropriate form. The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

Second, Grant can *amend* his current one-page motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have. If he chooses to amend his existing § 2255 motion, Grant must submit an amended motion on or before June 10, 2022. He can amend his motion by changing or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Grant can *notify* the Court by June 10, 2022, that he wants it to rule on his current motion *as submitted*. If Grant does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe Grant's silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted.

Based on the foregoing,

IT IS ORDERED:

1.    On or before June 10, 2022, Grant shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.

2.    If Grant does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.

3.    The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Grant at his address of record.

Dated this 3rd day of May 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge