IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR186 |
| v. | |
| TAYLOR GRANT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Taylor Grant's ("Grant") pro se Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 106). The Court's initial review of Grant's motion is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* 28 U.S.C. § 2255, Rule 4(b). Under that rule, the Court must order the United States Attorney to respond to the motion (or take other appropriate action), unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* After careful review of those materials, the Court finds Grant is not entitled to relief.

**I.  BACKGROUND**

After a three-day trial, a jury found Grant guilty of one count of assault resulting in serious bodily injury in Indian country ("Count I") and one count of assault resulting in substantial bodily injury to an intimate partner or dating partner ("Count II") as charged in the Indictment (Filing No. 14) in this case. The evidence adduced at trial included direct testimony from the victim that Grant repeatedly hit her in the head and broke her jaw.

On the government's motion, the Court vacated the conviction on Count II to address the multiplicity of the charges against Grant. On June 25, 2021, the Court sentenced Grant to 108 months in prison and 3 years of supervised release on Count I.

Grant appealed his conviction and sentence, raising two issues. *See United States v. Grant*, No. 21-2423, 2022 WL 1021768, at *1 (8th Cir. Apr. 6, 2022) (unpublished per curiam). First, Grant argued the evidence was insufficient to prove he caused the victim's injuries. *Id.* Second, he argued his sentence was substantively unreasonable. *Id.* The Eighth Circuit summarily rejected both claims and affirmed this Court's judgment. *Id.*

Grant now collaterally attacks his conviction and sentence under § 2255. He raises four broad claims: (1) insufficiency of the evidence, (2) substantive reasonableness based on the career-offender enhancement, (3) ineffective assistance of counsel on various grounds, and (4) substantive reasonableness based on his testimony at a federal murder trial.

## II. DISCUSSION

### A. Legal Standard

Section 2255(a) authorizes a federal prisoner to seek post-conviction relief if his sentence was imposed "in violation of the Constitution or laws of the United States." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Under § 2255(b), the Court should conduct a hearing on Grant's motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." A hearing is unnecessary if a claim "is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)). Grant "bears the burden to prove each ground entitling relief." *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

2

### B. Claims Raised on Appeal

Grant's first two claims—sufficiency of the evidence and substantive reasonableness—raise the same issues he unsuccessfully raised on appeal. *See Grant*, 2022 WL 1021768, at *1. He cannot raise those claims again. *See Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Id.* (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)).

Grant's second substantive-reasonableness claim fares no better. Grant suggests his sentence was substantively unreasonable because he should have gotten credit for testifying for the government in a federal murder trial. But the Court already had that information before Grant's sentencing hearing and took it into account in deciding his sentence. It was part of Grant's presentence investigation report, which the Court adopted without change. As such, it fell within the broad sweep of Grant's first substantive-reasonableness claim on direct appeal.

To the extent it didn't, it could have. Review under § 2255 "is an extraordinary remedy and will not be allowed to do service for an appeal." *Silk v. United States*, 955 F.3d 681, 683 (8th Cir. 2020) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). A prisoner generally "may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). And Grant gives no reason to let him do so here. In any event, the claim neither overcomes the presumption of reasonableness afforded Grant's guidelines sentence nor establishes an abuse of discretion. *See United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009) (standard of review).

### C. Ineffective Assistance of Counsel

Grant's final claims allege ineffective assistance of counsel at trial and sentencing. More specifically, he asserts his counsel failed to (1) call important witnesses, (2) present other exculpatory evidence, (3) establish his victim's mentally instability, and

3

(4) sufficiently challenge the career-offender enhancement. Although Grant combines his allegations together, the Court has considered them separately under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Cf. Forrest v. Steele*, 764 F.3d 848, 860 (8th Cir. 2014) (concluding "the *Strickland* standard [does not] demand [any] sort of cumulative performance inquiry") (citing *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief.")).

To prevail on any of his ineffective-assistance claims, Grant must show his counsel's performance was both deficient and prejudicial to his defense in "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687 (requiring errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). His burden is a heavy one. *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

"*Strickland* sets a 'high bar' for unreasonable assistance." *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020) (quoting *Buck v. Davis*, 580 U.S. ___, ___, 137 S. Ct. 759, 775, 197 L.Ed.2d 1 (2017)). Counsel's performance is deficient when—considering all the relevant circumstances—it falls "below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 688. The Court's review of counsel's performance is highly deferential. *Id.* at 689. It applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In reviewing Grant's claims, the Court makes "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To prove prejudice, Grant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "It is not sufficient for [him] to show that the error had some

4

'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

Grant's claims fail at both steps. The Court observed Grant's counsel throughout this case and is fully satisfied his performance—both at trial and sentencing—were well "within the wide range of reasonable professional assistance." *Dunn v. Reeves*, 594 U.S. ___, ___, 141 S. Ct. 2405, 2407 (2021) (per curiam) (quoting *Burt v. Titlow*, 571 U.S. 12, 23, 134 S. Ct. 10, 187 L.Ed.2d 348 (2013)). Decisions about how to satisfy the duty to investigate and what evidence to present to the jury are matters of strategy that receive considerable deference. *See Strickland*, 466 U.S. at 690-91 (explaining "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"); *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir. 1989) ("[D]ecisions on what to investigate are accorded heavy deference."). And Grant has not shown his counsel's decisions were unreasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) (clarifying the touchstone on this issue is reasonableness); *Strickland*, 466 U.S. at 689 ("There are countless ways to provide effective assistance in any given case.").

As to the career-offender enhancement, Grant's counsel vigorously challenged its application both at sentencing and on appeal. That Grant's counsel was ultimately unsuccessful in making those arguments does not make his performance unconstitutionally deficient. *See Strickland*, 466 U.S. at 699 ("On these facts, there can be little question, even without application of the presumption of adequate performance, that trial counsel's defense, though unsuccessful, was the result of reasonable professional judgment."); *cf. Williams v. Scurr*, 19 F.3d 24 (8th Cir. 1994) (unpublished per curiam) (table decision) (clarifying that reasonable strategies, "even if unsuccessful, cannot constitute ineffective assistance").

Grant's ineffective-assistance claims are even weaker as to prejudice. Even if the Court could ignore Grant's failure to establish deficient performance, his motion fails to

5

point to anything to show a reasonable probability that any of his counsel's alleged errors deprived him of a fair trial or sentencing hearing. *See Strickland*, 466 U.S. at 687; *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020) ("A reasonable probability is a probability sufficient to undermine confidence in the outcome." (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011))).

At trial, the government produced strong evidence of Grant's guilt, including damning testimony from his victim about brutal physical abuse. It is not reasonable on this record to think additional defense witnesses testifying as to Grant's good character or a sharper attack on his victim's mental health would have led to a different outcome. *Strickland*, 466 U.S. at 694; *McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996) ("[T]here is no prejudice if, factoring in the [omitted evidence], the government's case remains overwhelming.").

In sum, the Court finds Grant's "counsel acted reasonably" in representing Grant "and [Grant] was not prejudiced by his counsel's actions." *Lawrence v. Lockhart*, 767 F.2d 449, 451 (8th Cir. 1985).

### D. No Certificate of Appealability

Before Grant can appeal the Court's adverse ruling on his § 2255 motion, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Grant has not made that showing, the Court will not issue a certificate of appealability in this case.

### III. CONCLUSION

The Court's initial review of Grant's § 2255 motion and the balance of the record in this "case conclusively show that [Grant] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly,

IT IS ORDERED:
1. Defendant Taylor Grant's pro se Amended Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Filing No. 106) is denied without an evidentiary hearing.
2. No certificate of appealability will issue.
3. A separate judgment will be entered.
4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Grant at his address of record.

Dated this 25th day of August 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

7